# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAWAD QUASSANI,

    Petitioner,

vs.

JANICE KILLIAN, *et al.*,

    Respondents.

Case No. 2:17-cv-01678-APG-PAL

**ORDER**

Petitioner Quassani has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the U.S. Marshals Service and Department of Homeland Security, Immigration and Customs Enforcement (ICE). ECF No. 4.

A district court must award a writ of habeas corpus or issue an order to show cause why it should not be granted unless it appears from the application that the applicant is not entitled thereto. 28 U.S.C. § 2243. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) is applicable to proceedings brought pursuant to § 2241. Habeas Rule 1(b). Habeas Rule 4 provides that the court must "promptly examine" the petition and "[i]f it plainly appears the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Habeas Rule 4.

According to Quassani's petition, the Department of Homeland Security initiated removal proceedings against him in February 2016, during which time he was serving a 37-month federal

sentence in Texas in relation to a mail and wire fraud conviction.  He further alleges that, on January 4, 2017, he was released by the Federal Bureau of Prisons and handed over to ICE officials pursuant to an immigration detainer.  On May 1, 2017, Quassani was transferred to the U.S. Marshal for the District of Nevada and placed in custody at the Nevada Southern Detention Facility so that he could attend and testify at an evidentiary hearing on his motion to vacate under 28 U.S.C. § 2255.  *See U.S.A. v. Quassani*, 2:11-cr-00409-LRH-CWH-1.  He remains in custody at that facility.  *Id*., ECF Nos. 183/185.

Quassani's petition indicates that a final order of removal has been issued, but does not state when that occurred.  He claims that his continued detention without bond violates his substantive due process rights and, on that basis, asks this court to order his release or, alternatively, place him on an electronic monitoring device.

The Attorney General must detain certain aliens ordered removed on criminal grounds for a removal period of ninety days.  8 U.S.C. § 1231(a)(2).  Under 8 U.S.C. § 1231(a)(6), the Attorney General may detain criminal aliens beyond the ninety day period based on a determination that the alien is a risk to the community or unlikely to comply with the order of removal.  However, in *Zadvydas vs. Davis*, 533 U.S. 678 (2001), the United States Supreme Court held that § 1231(a)(6) authorizes the Attorney General to detain a removable alien only for "a period reasonably necessary to bring about that alien's removal from the United States." *Id*. at 689.  The Court concluded that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id*. at 699.  To establish uniformity in the federal courts, the Court recognized six months as a "presumptively reasonable period of detention." *Id*. at 701.

The Court further directed that if the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future at the conclusion of the six month period, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." *Id*.  The Court stated that not every alien must be released after six months; but, rather, an alien may still be detained beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*.

Because Quassani has not provided the date his removal period began, this court is unable to determine whether the six-month presumptive period has elapsed, thus making his petition ripe for review. *See id.*; *see also, e.g., Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (holding that "six-month period must have expired at the time [the habeas petition] was filed in order to state a claim under *Zadvydas*;" dismissing petition without prejudice to petitioner's ability to reassert claims after *Zadvydas* period expired).

The court also questions whether petitioner can meet his initial burden of showing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Here, petitioner has offered nothing more than conclusory statements with respect to the likelihood of his removal in the foreseeable future and neglects to mention that he is benefitting from any delay because it allows him to continue pursuing § 2255 relief.[1] *See Andrade v. Gonzales*, 459 F.3d 538, 543-44 (5th Cir. 2006) (rejecting a due process challenge to continued detention because the alien "offered nothing beyond his conclusory statements suggesting that he will not be immediately removed . . . following the resolution of his appeals"); *Soberanes v. Comfort*, 388 F.3d 1305, 1311 (10th Cir. 2004) (affirming denial of habeas relief for continued detention when the delay in removal was "directly associated with a judicial review process that has a definite and evidently impending termination point").

Despite the foregoing, it cannot be said, based on the petition on file, that the petitioner has no tenable claim for relief. That is, it may be that his removal period has exceeded six months and he can allege facts meeting his initial burden under *Zadvydas*. Thus, rather than summarily dismissing this case pursuant to Habeas Rule 4, the court shall grant petitioner leave to file an amended petition. *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) ("[A] petition for habeas

---

[1] In his § 2255 proceeding, petitioner asks this court to "extend its order that [he] remain in Southern Nevada during the duration of his time in immigration detention custody, pending the resolution of the instant matter both in this Court and, if applicable, in the 9th Circuit." *Quassani*, 2:11-cr-00409-LRH-CWH-1; ECF No. 185, p. 8. Under such circumstances, the six-month presumptively constitutional detention period is arguably extended pursuant to 8 U.S.C. § 1231(a)(1)(C), which suspends the removal period if the alien "conspires or acts to prevent the alien's removal subject to an order of removal."

1 corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.").

**IT IS THEREFORE ORDERED** that petitioner shall have **thirty days (30) days** from the date of the entry of this order on the record within which to file with the court an amended petition which corrects the deficiencies identified in this order. If petitioner fails to respond to this order in the time and manner provided above, the court shall conclude that petitioner does not desire to pursue this matter, and shall enter an order dismissing this case, without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall serve a copy of the petition (ECF No. 4) and this order on the United States Attorney for the District of Nevada or on an Assistant United States Attorney or clerical employee designated by the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. No response to the petition is required until ordered by this court.

Dated: August 4, 2017.

_____
UNITED STATES DISTRICT JUDGE