UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JAVED QUASSANI,[1]

    Petitioner,

vs.

JANICE KILLIAN, *et al.*,

    Respondents.

Case No. 2:17-cv-01678-APG-PAL

**<u>ORDER</u>**

On June 15, 2017, petitioner Quassani filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the U.S. Marshals Service and Department of Homeland Security, Immigration and Customs Enforcement (ICE). ECF No. 4. Pursuant to this court's order of August 4, 2017 (ECF No. 10), Quassani filed an amended petition on September 1, 2017. ECF No. 11. Before the court for decision is respondents' motion to dismiss the amended petition. ECF No. 19.

---

[1] The captions of Quassani's initial and amended petitions in this case (ECF Nos. 2/11) identify him as Jawad Quassani. However, his response to respondents' motion to dismiss, which is a more recent filing, uses "Javed" for Quassani's first name. ECF No. 20. Javed Quassani is also the name that appears on documents attached as exhibits to the parties' briefs. ECF Nos. 19/20.

I. BACKGROUND

Quassani is a native and citizen of Afghanistan. ECF No. 11, p. 4. He was admitted to the United States on January 13, 1980. *Id*. His status was adjusted to that of a lawful permanent resident on September 11, 1980. ECF No. 19-1, p. 5.

On January 23, 2014, this court entered a judgment in a criminal proceeding convicting Quassani of the following offenses: conspiracy to commit wire fraud and mail fraud, in violation of 18 U.S.C. § 1349; two counts of wire fraud, in violation of 18 U.S.C. § 1343; and two counts of mail fraud, in violation of 18 U.S.C. § 1341. *U.S.A. v. Quassani*, 2:11-cr-00409-LRH-CWH (ECF No. 127). Quassani was sentenced to a term of imprisonment of thirty-seven months. *Id*. He was committed to a Federal Bureaus of Prisons in Pecos, Texas, to serve his sentence. ECF No. 11, p. 3.

On September 1, 2015, an ICE hold was placed upon Quassani while he was in federal custody in Texas. ECF No. 19-3, p. 2. On December 9, 2015, he was issued a notice to appear charging him with removability as an aggravated felon under Immigration and Nationality Act, Section 237(a)(2)(A)(iii). ECF No. 19-1, p. 2-5.

On February 1, 2016, Quassani filed, in his criminal proceeding in this court, a motion to vacate his criminal conviction under 28 U.S.C. § 2255. *Quassani*, 2:11-cr-00409-LRH-CWH (ECF No. 149). On June 22, 2016, an Immigration Judge denied Quassani's application for relief from removal and ordered him removed. ECF No. 19-4; *see also* ECF No. 19-5 (Superseding Order of the Immigration Judge (July 22, 2016)).

On January 4, 2017, Quassani was credited and released by the Federal Bureau of Prisons and turned over to ICE officials pursuant to an immigration detainer. ECF No. 11, p. 5. Quassani's appeal of the Immigration Judge's decision was denied by the Board of Immigration Appeals on March 24, 2017. ECF No. 11-1. He did not appeal the Board's decision, so his order of removal became final on that date. *See* 8 C.F.R. § 1241.1(a).

On March 27, 2017, Quassani filed a petition for writ of habeas corpus ad testificandum in relation to his § 2255 motion asking to be released to the custody of the United States Marshal for the District of Nevada, so he could assist counsel and be present for hearings in that matter. *Quassani*, 2:11-cr-00409-LRH-CWH (ECF No. 168). The court granted the petition the following

day. *Id*. (ECF No. 169). On or about April 27, 2017, Quassani was transferred to the U.S. Marshal for the District of Nevada and shortly thereafter placed in custody at the Nevada Southern Detention Facility. ECF No. 11, p. 5-6; ECF No. 19-3, p. 3.

As noted above, Quassani filed his initial petition for writ of habeas corpus in this case on June 15, 2017. Approximately two months later, Quassani's § 2255 motion was denied by this court in his criminal proceeding. *Quassani*, 2:11-cr-00409-LRH-CWH (ECF No. 188). On October 24, 2017, Quassani was returned to ICE custody. ECF No. 19-3, p. 3; ECF No. 20, p. 3-4. On November 7, 2017, ICE submitted a request to the Consulate of Afghanistan for the travel documents necessary to effect Quassani's removal. ECF No. 19-3, p. 3; ECF No. 19-7.

## II. PETITIONER'S CLAIM

Quassani claims that his continued detention without bond violates his substantive due process rights and, on that basis, asks this court to order his release or, alternatively, place him on an electronic monitoring device.

## III. DISCUSSION

The Attorney General must detain certain aliens ordered removed on criminal grounds for a removal period of ninety days. 8 U.S.C. § 1231(a)(2). Under 8 U.S.C. § 1231(a)(6), the Attorney General may detain criminal aliens beyond the ninety day period based on a determination that the alien is a risk to the community or unlikely to comply with the order of removal. However, in *Zadvydas vs. Davis*, 533 U.S. 678 (2001), the United States Supreme Court held that § 1231(a)(6) authorizes the Attorney General to detain a removable alien only for "a period reasonably necessary to bring about that alien's removal from the United States." *Id*. at 689. The Court concluded that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id*. at 699. To establish uniformity in the federal courts, the Court recognized six months as a "presumptively reasonable period of detention." *Id*. at 701.

The Court further directed that if the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future at the conclusion of the six month period, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." *Id*. The Court stated that not every alien must be released after six months; but, rather,

an alien may still be detained beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Here, the parties do not dispute that Quassani's order of removal became administratively final on March 24, 2017. The respondents argue, however, that Quassani's 90-day period under 8 U.S.C. § 1231(a)(2) has yet to elapse. Relying on 8 U.S.C. § 1231(a)(1)(B) and *Khotesouvan v. Morones*, 386 F.3d 1298 (9th Cir. 2004), they contend the period restarted on October 24, 2017, when Quassani "was released from criminal custody under the Marshal Service back into immigration detention." ECF No. 19, p. 5. They also cite to several cases that, according to them, hold that time spent in the physical custody of the U.S. Marshal does not accrue towards § 1231(a)(2)'s removal period. ECF No. 21, p. 3.

Section 1231(a)(1)(B) provides that "[t]he removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

Here, the court is not convinced that Quassani was not being held "under an immigration process" while he was in the custody of the U.S. Marshal. At the time the U.S. Marshal took custody, Quassani had discharged his criminal sentence. There appears to be no reason for Quassani to be detained at any time after March 24, 2017, other than for removal purposes. In addition, the cases involving U.S. Marshal custody that respondents cite are distinguishable in that the petitioner in each of those cases was being held for reasons entirely unrelated to the immigration process. *See Guo Hua Ke v. Holder*, 2011 WL 384048, at *3 (D.N.J. Feb. 3, 2011) (held "in connection with his pending criminal proceedings in the Southern District of New York"); *Hashi v. Chertoff*, 2008 WL 1787322, at *2 (S.D. Cal. Apr. 15, 2008) (held pursuant to a federal court indictment); *Olajide v. B.I.C.E.*, 402 F. Supp. 2d 688, 692 n.6 (E.D. Va. 2005) ("transferred to the custody of the U.S. Marshal pending trial for passport fraud"); *Atem v. Ashcroft*, 312 F. Supp. 2d 792, 794 n.1 (E.D. Va. 2004) (held "in federal, non-immigration custody").

On the other hand, "[t]he purpose of the 90-day period is to afford the government a reasonable amount of time within which to make the travel, consular, and various other administrative arrangements that are necessary to secure removal." *Diouf v. Mukasey*, 542 F.3d 1222, 1231 (9th Cir. 2008) (citing *Khotesouvan*, 386 F.3d at 1300). While the government was not necessarily precluded from undertaking these tasks while Quassani was in the custody of the U.S. Marshal, it may have been justifiably reluctant to do so. In this regard, this court notes that the court in his federal criminal proceeding had ordered, pursuant to Quassani's request, that Quassani be placed in such custody "for attendance and possible testimony" and "to aid in preparation for proceedings with counsel, and any further proceedings and from time to time and day to day thereafter until excused by the said Court." *Quassani*, 2:11-cr-00409-LRH-CWH (ECF No. 169).

In any case, a determination as to when the removal period began is not necessary here because the respondents have demonstrated a "significant likelihood of removal in the reasonably foreseeable future." The issue before the Court in *Zadvydas* was whether § 1231(a)(6) "authorize[s] indefinite, perhaps permanent, detention." 533 U.S. at 699. Its holding is reserved for petitioners who are "stuck in a 'removable-but-unremovable limbo.'" *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008) (citation omitted); *see Khotesouvan*, 386 F.3d at 1300 ("Since *Zadvydas* came down, the Supreme Court has clarified that the *Zadvydas* due process analysis applies only if a danger of indefinite detention exists and there is no significant likelihood of removal in the reasonably foreseeable future.").

As noted, the government in this case has asked the Consulate of Afghanistan to provide the necessary travel documents for Quassani. ECF No. 19-7. There is no evidence before the court that the request will not be met or that Afghanistan will not accept Quassani. *See Prieto-Romero*, 534 F.3d at 1063 (citing *Zadvydas*, 533 U.S. at 697). And, the fact that Quassani's detention lacks a certain end date "does not render his detention indefinite in the sense the Supreme Court found constitutionally problematic in *Zadvydas*." *See id.*

Quassani's only response to the government's showing that his detention is not indefinite is to claim that his imminent removal is unlikely because, on December 1, 2017, he filed a motion to reopen and remand his removal proceedings, together with an emergency motion for a stay of

removal, with the Board of Immigration Appeals. ECF No. 20, p. 4-5. This falls well short of establishing that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Quassani cites to no legal authority indicating that a person detained longer than six months under 8 U.S.C. § 1231(a)(6) can obtain *Zadvydas* relief by merely filing an administrative motion to stay his removal. If anything, Quassani's motion for an emergency stay is acknowledgment that his removal is, in fact, imminent.

IV. CONCLUSION

Based on the foregoing, the undersigned concludes that petitioner Quassani has failed to show that he is entitled to be released from detention based on *Zadvydas*.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (ECF No. 19) is GRANTED. The petitioner's amended petition for writ of habeas corpus (ECF No. 11) is DENIED. The Clerk shall enter judgment accordingly.[2]

Dated: December 22, 2017.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Because Quassani is a federal detainee, he is not required to obtain a certificate of appealability to appeal this order. *See Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008).